UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
Appellant Case No. 14-7137
SUBMITTED WITHOUT ORAL ARGUMENT

| | | |
|---|---|---|
| Re:  Stephen Thomas Yelverton | ) | District Court Case No. |
| | ) | 1:13-cv-00454-CRC |
| Appellant/Debtor | ) | |
| | ) | |
| v. | ) | Bankruptcy Case No. |
| | ) | 09-00414 |
| Wendell W. Webster | ) | Chapter 7 |
| Appellee/Chapter 7 Trustee | ) | |

APPELLANT'S
REPLY RE: NON-RESPONSE OF CHAPTER 7 TRUSTEE
AS TO APPELLANT'S MOTION TO DISMISS SETTLEMENT ORDER
FOR LACK OF BANKRUPTCY AND FEDERAL
SUBJECT-MATTER JURISDICTION AND
APPELLANT'S MOTION TO STRIKE ORDER IN CASE NO. 13-74

Appellant/Debtor Stephen Thomas Yelverton, Pro Se, submitted on November 13, 2014, a Motion to Dismiss the Settlement Order for lack of Bankruptcy and Federal subject-matter jurisdiction, and a Motion to Strike Order in Case No. 13-74.  The Docket Entries show that the Chapter 7 Trustee did not file a Response.  The due date was December 1, 2014.

The Motion to Dismiss for lack of Bankruptcy and Federal subject-matter Jurisdiction is based upon Abstention from subject-matter jurisdiction of all property of the Estate by the Bankruptcy Court in favor of the D.C. Superior Court to deal with as marital property for Domestic Support.

1

The Motion to Strike is with respect to an Order in a related case, which the Chapter 7 Trustee relied upon, but was rendered with no prior notice for the Debtor to defend himself in violation of "due process." Morrisey v. Brewer, 408 U.S. 471, 481 (1972).

Thus, with having filed no Response, the Chapter 7 Trustee must be deemed to have conceded the arguments of the Debtor in the Motion. F.D.I.C. v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997).

But, if the Chapter 7 Trustee should request to file a Motion for Leave to late-file his Response, the Debtor interposes no objection to such late submission.

## Conclusions

WHEREFORE, in view of the foregoing, the Settlement Order, entered June 19, 2012, must be dismissed per FRCP, Rule 12 (b)(1) and (h)(3) for lack of Bankruptcy and Federal subject-matter jurisdiction, where jurisdiction of property of the Estate is under the jurisdiction of the D.C. Superior Court from Abstention by the Bankruptcy Court.

The Order in Case No. 13-74 must be stricken where it was rendered in violation of "due process."

The arguments of the Debtor in the Motion must be deemed conceded by the Chapter 7 Trustee for failure to file a Response.

This the 10th day of December, 2014,

Respectfully submitted,

/s/
Stephen Thomas Yelverton, Pro Se,
D.C. Circuit Bar No. 22300
601 Pennsylvania Ave, N.W., Suite 900 South,
Washington, D.C. 20004,
Tel. 202-702-6708
Fax 202-403-3801
E-mail styelv@aol.com

CERTIFICATE OF PARTIES AND DISCLOSURE STATEMENT
PER CIRCUIT RULE 26.1 AND RULE 28 (a)(1)(A)

This was previously filed on October 15, 2014.

CERTIFICATE OF SERVICE

I, Stephen Thomas Yelverton, Pro Se, hereby certify that the foregoing Reply was served on the 10th day of December, 2014, by CM/ECF on the following Appellee party:

Wendell W. Webster, Esq., Chapter 7 Trustee
Natalie S. Walker, Esq.
Webster & Frederickson, PLLC
1775 K St., NW, Suite 600
Washington, DC 20006

/s/
Stephen Thomas Yelverton, Pro Se
D.C. Circuit Bar No. 22300