# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 14-7137**                        **September Term, 2014**

**1:13-cv-00454-CRC**

Filed On: March 9, 2015

In the Matter of: Stephen Thomas Yelverton,

------------------------------

Stephen Thomas Yelverton,

         Appellant

     v.

Wendell W. Webster,

         Appellee

        **BEFORE:**     Henderson, Srinivasan, and Pillard, Circuit Judges

### O R D E R

      Upon consideration of the motion to dismiss, the opposition thereto, and the replies; the motion for summary affirmance and the opposition thereto; the motions to strike, the oppositions thereto, and the reply; and the motion to refer matters to the grievance committee and the opposition thereto, it is

      **ORDERED** that the motion to dismiss be dismissed as moot. The Bankruptcy Court's order filed June 19, 2012, approving the settlement agreement in Case No. 09-00414, is not before the court in this appeal. Accordingly, the court cannot grant appellant's request to dismiss that order as part of this case. It is

      **FURTHER ORDERED** that the motions to strike be denied. There is no basis for striking a reference to the district court's memorandum opinion and order filed November 27, 2013, in No. 13cv74, much less the order itself. That memorandum opinion was entered in the civil docket in No. 13cv454 and thus is part of the record on appeal, and its reasoning was explicitly adopted by the district court in the memorandum opinion now before the court. Similarly, there is no basis to strike exhibit 5 to the Trustee's opposition to the motion to dismiss, because that document, too, was entered in the public docket for both the bankruptcy proceeding and No. 13cv454. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 14-7137**                                                                 **September Term, 2014**

     **FURTHER ORDERED** that the motion for summary affirmance be granted.  The merits of the parties' positions are so clear as to warrant summary action.  See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam).  As the district court held, the Bankruptcy Court properly disallowed appellant's claims of exemptions under 11 U.S.C. § 522(b)(3)(B), allowed an exemption of $11,200 under § 522(d)(5), and disallowed without prejudice appellant's claimed exemptions under § 522(d)(11)(E).  Appellant has not shown any abuse of discretion in the denial of his motion to alter or amend that ruling, see Firestone v. Firestone, 76 F.3d 1205, 1208-09 (D.C. Cir. 1996), or in the denial of his motion to vacate the denial of leave to appeal in forma pauperis, see Hurt v. Soc. Sec. Admin., 544 F.3d 308, 309-10 (D.C. Cir. 2008) (per curiam).  It is

     **FURTHER ORDERED** that the motion for referral of court orders to the grievance committee be denied.  There is no basis for the relief requested.  To the extent appellant wishes to assert a complaint against a federal judge, he must avail himself of the procedures set forth in the Rules for Judicial-Conduct and Judicial-Disability Proceedings, which can be found on the court's web site.

     Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**